IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00113-CV

 

John Lingafelter, et al.,

                                                                      Appellants

 v.

 

Brent J. Shupe, JCJ Trucking

and Midwest Coast 

Transport D/B/A MCT,

                                                                      Appellees

 

 

 



From the 249th District Court

Somervell County, Texas

Trial Court # C2K09299

 



Opinion denying rehearing



 








Brent J. Shupe and Midwest Coast
Transport d/b/a MCT (“MCT”) urge in a motion for rehearing that we reconsider
our opinion and judgment and affirm rather than reverse the judgment of the
trial court.  In an opinion dated November
 17, 2004, we reversed
the judgment and remanded this cause for a new trial because the trial court’s
failure to instruct on negligent entrustment, as requested by Appellants, was
harmful error.  MCT’s motion for
rehearing asserts that the negligent entrustment question submitted by Appellants
was immaterial to the liability of MCT and Shupe as a matter of law, and that
the jury’s finding that Shupe was not negligent renders the failure to instruct
on the negligent entrustment cause of action harmless.  We reject MCT’s proposal.  We take this opportunity, however, to
reiterate that in our opinion, had the jury been properly instructed, it would have
known how to evaluate the facts presented.

It was not possible for the jury to
know how to evaluate the following facts without the negligent entrustment
charge: 1) Shupe was employed by JCJ Trucking who had a lease agreement with
MCT to lease Shupe and the truck to MCT; 2) MCT was responsible to qualify and
approve Shupe to drive; 3) MCT’s qualification department qualified Shupe; 4)
MCT’s safety director, who had 37 years of experience at MCT, rejected this
qualification due to Shupe’s two prior driver’s license suspensions and five
speeding tickets; 5) MCT’s vice president of safety vetoed this rejection; 6)
Shupe drove on probation starting in November 1999 and was released to drive on
his own on March 3, 2000; 7) Shupe received a speeding ticket on March 9, 2000;
and 8) Shupe informed MCT of a ticket at his annual review, but MCT kept him
qualified.

In addition, the finding that Shupe
was not negligent is reasonably calculated to be different had the jury been
instructed on negligent entrustment: 1) The Brazos River bridge is an old,
narrow, steel-encased suspension bridge with only two lanes divided by a double
yellow stripe, a low clearance, no shoulder, and a small curb only about one
foot in width; 2) there is a shoulder before the bridge in the direction Shupe
was driving to allow a vehicle to pull over; 3) the highway was busy that day
because the Fourth of July holiday was approaching; 4) Shupe was carrying
15,000 - 20,000 pounds of cargo that day; 5) Shupe had never driven across this
bridge before; 6) Shupe did not notice that in the oncoming lane, on the
bridge, there was a stopped wide load, which had large “wide load” signs in
yellow and black letters; 7) Shupe did not stop or significantly slow down as
he approached the bridge, passed the wide load, passed 6-8 vehicles stopped
behind the wide load (three of which were farm trucks with tanks); and 8)
Father John Anderson (the driver of a vehicle close behind the wide load)
testified that he was uncomfortable and scared when Shupe drove by him because
of Shupe’s speed and how close he was to his van because of the narrowness of
the bridge. 

 Therefore, had the jury been properly
instructed on the evidence presented, it could have found all the elements of
negligent entrustment by MCT: 1) MCT entrusted the tractor trailer to Shupe
(uncontroverted), 2) Shupe was a reckless or incompetent driver based on his
driving record (substantial evidence supports), 3) MCT knew of Shupe’s driving
record (uncontroverted), 4) Shupe was negligent in the context of negligent
entrustment, and 5) his negligence proximately caused the accident.  See
Williams v. Steves Indus., Inc., 699 S.W.2d 570, 571 (Tex. 1985).

We find that the jury charge error
is reasonably calculated to and probably did cause the rendition of an improper
judgment.  Tex. R. App. P. 44.1(a)(1); see Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass’n,
710 S.W.2d 551, 555 (Tex. 1986) (op. on reh’g). 

The motion for rehearing is denied.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief Justice Gray
dissenting)

Motion denied

Opinion delivered and filed January
 5, 2004